UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR JOHNSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP; WORLDWIDE ASSET PURCHASING II, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, ARTHUR JOHNSON, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLP (hereinafter "RAUSCH STURM"); WORLDWIDE ASSET PURCHASING II, LLC (hereinafter "WORLDWIDE") and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Bronx, New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. RAUSCH STURM is a limited liability partnership located at 250 N. Sunnyslope Road, Suite 300, Brookfield, WI 53005.

8. Upon information and belief, RAUSCH STURM use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect and purchasing of debts.

9. RAUSCH STURM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. WORLDWIDE ASSET PURCHASING II, LLC, is a limited liability complaint, chartered in Nevada.

11. WORLDWIDE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6)

12. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## AGENCY ALLEGATIONS

13. Plaintiff is informed and believes and thereon alleges that all times herein mentioned each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendant.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all City of New York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York City consumers who were sent initial letters and/or notices from RAUSCH STURM concerning a debt, owed to WORLDWIDE ASSET PURCHASING II, LLC, and which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Prior to June 3, 2019, Plaintiff incurred a financial obligation to HSBC CARD SERVICES (III), INC. ("HSBC").

16. The HSBC obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The HSBC obligation did not arise out of a business transaction.

18. The HSBC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Defendants are a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. On or before June 3, 2019, the HSBC obligation was purchased by WORLDWIDE ASSET PURCHASING II, LLC, ("WORLDWIDE").

21. At the time the HSBC obligation was purchased by WORLDWIDE, the obligation was past due.

22. At the time the HSBC obligation was purchased by WORLDWIDE, the obligation was in default.

23. On or before June 3, 2019 WORLDWIDE placed with and/or turned over the HSBC obligation to RAUSCH STURM for the purpose of collection.

24. At the time WORLDWIDE turned over the HBC obligation to RAUSCH STURM for the purpose of collection, said obligation was in default.

25. RAUSCH STURM caused to be delivered to Plaintiff a letter dated June 3, 2019, which was addressed to Plaintiff. **Exhibit A.**

26.     The June 3, 2019 letter was sent to Plaintiff in connection with the collection of the HSBC obligation.

27.     The June 3, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28.     Upon receipt, Plaintiff read the June 3, 2019 letter.

29.     After reading the June 3, 2019 letter, Plaintiff was unsure as to the validity of the HSBC obligation.

30.     The June 3, 2019 letter provides the following information:

---

June 3, 2019

ARTHUR JOHNSON

Re:     ARTHUR JOHNSON
        Creditor to Whom the Debt is Owed: Worldwide Asset Purchasing II, LLC
        Our File Number:
        Account #: *************3083
        Account Balance: $8,224.22

Dear ARTHUR JOHNSON:

The above HSBC Card Services (III), Inc. account has been referred to this office. The original creditor of the account was HSBC Card Services (III), Inc.. You may recall the above referenced account was previously assigned to a different law firm. That firm has closed its file. The amount due as of the date of this letter is $8,224.22. Any payments you make on the account should be directed to our office at 250 North Sunnyslope Road, Suite 300, Brookfield, WI 53005. Checks or money orders should be made payable to WORLDWIDE ASSET PURCHASING II, LLC. Payments can be mailed, made by telephone or made at our website. You can also review information regarding your account at our website. Our website address is https://www.rauschsturm.com.

The itemization of the amount alleged due, as required by the New York State Department of Financial Services, is as follows:

Total amount of the debt due as the date of charge-off ..............................
Total amount of interest accrued on the debt after charge-off .................... $3,843.55
Total amount of non-interest charges or fees accrued after charge-off ....... $.00
Total payments and credits made on the debt after charge-off .................... $4,380.67
                                                         Balance .............. $8,224.22

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et sq. requires that we provide you with the following notice:

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receipt of this letter that you dispute the validity of the debt or any portion thereof, we will obtain verification of the debt or a copy of a judgment, if any, and mail you a copy of such verification or judgment. Upon your written request within 30 days after receipt of this letter we will provide the name and address of the original creditor, if different from the current creditor.

*Rausch Sturm is the trade name for Rausch, Sturm, Israel, Enerson & Hornik LLP*

## POLICIES AND PRACTICES COMPLAINED OF

31. It is Defendants' policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Failing to state the amount of the debt;

    (c) Making a false representation at to the character and/or the amount of the debt; and

    (d) Attempting to collect an amount not expressed by the agreement creating the debt and not permitted by law.

32. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the City of New York, State of New York with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

33. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

34. Collection letters and/or notices, such as those sent by RAUSCH STURM, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

35. 15 U.S.C. §1692g(a)(1) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (1)  the amount debt.

36. Defendants violated 15 U.S.C. §1692g(a)(1) by sending a letter dated June 3, 2019, to Plaintiff, which failed correctly state the amount of the alleged debt.

37. The June 3, 2019 letter states: "Total amount of the debt due as [of] the date of charge-off……………."

38. The June 3, 2019 letter provides that there is no amount due as of the charge off date.

39. The June 3, 2019 letter further states: "Total amount of interest accrued on the debt after charge-off…………… $3,843.55".

40. The June 3, 2019 letter further states: "Total payments and credits made on the debt after charge-off…………$4,380.67".

41. The June 3, 2019 letter further states: "Balance…..$8,224.22".

42. Pursuant to the June 3, 2019 letter, Plaintiff should have a credit balance of $537.12.

43. 15 U.S.C. §1692e(A)(2) prohibits the false representation of the character, amount or legal status of any debt.

44. Defendants violated 15 U.S.C. §1692e(A)(2) by falsely representing the amount of the debt.

45. Defendants violated 15 U.S.C. §1692e(A)(2) by falsely representing the itemization of the debt.

46. 15 U.S.C. §1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

47. Defendants violated 15 U.S.C. §1692e(10) by by falsely representing the amount of the debt.

48. Defendants violated 15 U.S.C. §1692e(10) by by falsely representing the itemization of the debt.

49. 15 U.S.C. §1692f(1) prohibits a debt collect from collecting any amount, unless such amount is expressly authorized by the agreement creating the dent or permitted by law.

50. Defendants violated 15 U.S.C. §1692f(1) by attempting to collect to collect an amount of $8,224.22, when pursuant to the June 3, 2019 letter, Plaintiff has a credit balance of $537.12.

51. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

53. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

54. Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: June 11, 2019

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.
> JONES, WOLF & KAPASI, LLC
> One Grand Central Place
> 60 East 42nd Street, 46th Floor
> New York, NY 10017
> (646) 459-7971 telephone
> (646) 459-7973 facsimile
> jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.

# Exhibit

# A

## RAUSCH STURM
ATTORNEYS AT LAW

44 BEARFOOT ROAD, SUITE 350
NORTHBOROUGH, MA 01532
CITY OF NEW YORK LICENSE NOS. 2085641; 2081310
  2081311; 2081313
CITY OF YONKERS LICENSE NOS. 10209; 10211; 10210
CITY OF BUFFALO LICENSE NO. CAG19-10049866

TOLL FREE: (866) 258-0021 TTY: 711
ATTORNEY DIRECT NO. (866) 258-0021 TTY: 711
FAX: (877) 396-4464
ATTORNEY DIRECT FAX (877) 396-4464
LAWFIRM@RSIEH.COM
WWW.RAUSCHSTURM.COM

June 3, 2019

ARTHUR JOHNSON

Re: ARTHUR JOHNSON
Creditor to Whom the Debt is Owed: Worldwide Asset Purchasing II, LLC
Our File Number:
Account #: ************3083
Account Balance: $8,224.22

Dear ARTHUR JOHNSON:

The above HSBC Card Services (III), Inc. account has been referred to this office. The original creditor of the account was HSBC Card Services (III), Inc.. You may recall the above referenced account was previously assigned to a different law firm. That firm has closed its file. The amount due as of the date of this letter is $8,224.22. Any payments you make on the account should be directed to our office at **250 North Sunnyslope Road, Suite 300, Brookfield, WI 53005**. Checks or money orders should be made payable to WORLDWIDE ASSET PURCHASING II, LLC. Payments can be mailed, made by telephone or made at our website. You can also review information regarding your account at our website. Our website address is https://www.rauschsturm.com.

The itemization of the amount alleged due, as required by the New York State Department of Financial Services, is as follows:

Total amount of the debt due as the date of charge-off ...............................
Total amount of interest accrued on the debt after charge-off .................... $3,843.55
Total amount of non-interest charges or fees accrued after charge-off ....... $.00
Total payments and credits made on the debt after charge-off .................... $4,380.67
 Balance .............. $8,224.22

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et sq. requires that we provide you with the following notice:

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receipt of this letter that you dispute the validity of the debt or any portion thereof, we will obtain verification of the debt or a copy of a judgment, if any, and mail you a copy of such verification or judgment. Upon your written request within 30 days after receipt of this letter we will provide the name and address of the original creditor, if different from the current creditor.

*Rausch Sturm is the trade name for Rausch, Sturm, Israel, Enerson & Hornik LLP*

IMPORTANT INFORMATION CONTINUED ON THE NEXT PAGE.

Page 2 of 3